UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| DELBERT STOVER, | 5:22-CV-05074-CBK |
| Plaintiff, | **AMENDED** MEMORANDUM OPINION AND ORDER |
| vs. | |
| UNITED STATES OF AMERICA, OFFICE OF GENERAL COUNSEL, USDA, US FOREST SERVICE, BLACK HILLS NATIONAL FOREST; | |
| Defendants. | |

Plaintiff Delbert Stover brings this negligence action against the United States of America under the Federal Tort Claims Act. The matter is before the Court on the defendant's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim.

I.  **Background**

On September 19, 2019, Mr. Stover was at a boat ramp near the South Shore of Sheridan Lake in the Black Hills National Forest in South Dakota launching his boat to participate in an event sponsored by a local recreation community. The dock at the boat ramp was a particular floating model that would rise, fall, and shift from left to right along with the waves in the lake. While attempting to launch his boat, Mr. Stover claims that a wave hit the dock causing him to slip and fall. He alleges that he sustained several injuries resulting from the fall and instituted this action.

II.  **Legal Standard**

A party may move to dismiss an action based on lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Dismissal is appropriate when a movant

successfully challenges subject matter jurisdiction on the face of the complaint or on the facts. See Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citing Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990)). The Eighth Circuit has held that "[i]n deciding a motion under Rule 12(b)(1), the district court must distinguish between a facial attack—where it looks only to the face of the pleadings—and a factual attack—where it may consider matters outside the pleadings." Croyle v. United States, 908 F.3d 377, 380 (8th Cir. 2018) (citing Osborn, 918 F.2d at 729 n.6.). Because a Rule 12(b)(1) motion addresses "the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Osborn, 918 F.2d at 730. The plaintiff bears the burden to establish subject-matter jurisdiction. See Croyle, 908 F.3d at 381. Here, the defendant makes a factual attack on subject matter jurisdiction, so the Court will look to matters outside of the pleadings.

### III. Analysis

Mr. **Stover** brings his claim against the United States pursuant to the Federal Tort Claims Act. Through the Federal Tort Claims Act, the United States waives sovereign immunity and can be "held liable for negligent or wrongful acts by federal employees committed while acting within the scope of their employment." White v. United States, 959 F.3d 328, 332 (8th Cir. 2020) (quoting Washington v. Drug Enf't Admin., 183 F.3d 868, 873 (8th Cir. 1999)). The United States is liable "in the same manner and to the same extent as a private individual under like circumstances" but only where the United States "if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 2674; 28 U.S.C. § 1346(b). State law, therefore, guides the initial inquiry into whether the United States can be held liable within the framework of the Federal Tort Claims Act. See Molzof v. United States, 502 U.S. 301, 306 (1992) ("[T]he extent of the United States' liability under the FTCA is generally determined by reference to state law.").

In South Dakota, a landowner owes no duty of care to those participants using the land for recreational activities unless the user is charged an admission price or fee. See

2

SDCL §§ 20–9–13, 20–9–16, 20–9–12.[1] The question here is whether Mr. Stover paid an admission price or fee to use the boat ramp at Sheridan Lake.

There seems to be no dispute that Mr. Stover purchased some sort of pass from the United States Forest Service, but the parties contest whether purchasing that pass is sufficient to create issues of liability. The defendants argue that the boat ramp was free for all members of the public to access at the time of Mr. Stover's accident, so the pass essentially does nothing to establish possible liability. See Def.'s Br., Doc. 12 at 7. Mr. Stover states that the "Premium Annual Day Use Pass" he purchased from the Forest Service did not list specific dates that it was valid, and that "annual" encompasses a full calendar year. See Pl.'s Br., Doc. 17 at 6. In response, the defendants argue that the "annual" pass was not valid for an entire calendar year but was only valid from Memorial Day to Labor Day. See Def.'s Rep. Br., Doc. 21 at 4. The pass was valid for one year, but Mr. Stover was not injured during the timeframe a fee was required. He was injured when access to all was free. Mr. Stover cites the Forest Service website that lists the "Annual Recreation Pass for Black Hills National Forest Facilities" and the recreation areas that the pass grants access to, including "Sheridan North & South, Picnic Grounds,

---

[1] SDCL § 20–9–13 states:
    Except as provided in § 20–9–16, an owner of land owes no duty of care to keep the land safe for entry on or use by any participant for outdoor recreational activity, or to give any warning of a dangerous condition, use, structure, or activity on the owner's land to any participant entering on or using the land for outdoor recreational activity.

SDCL § 20–9–16 states in relevant part:
    Nothing in §§ 20–9–12 to 20–9–18, inclusive, limits in any way any liability which otherwise exists: . . .
    (2) For injury suffered in any case where the owner of land charges any participant, . . . .

SDCL § 20–9–12 states in relevant part:
    Terms used in §§ 20–9–12 to 20–9–18, inclusive, mean:
    (2) "Charge," the admission price or fee asked in return for an invitation or permission to enter on or use the land. . . . .

Boat Ramps, [and] Beaches." See Pl.'s Br., Doc. 25 at 1.² There are no specific dates regarding the use of the Lake Sheridan South boat ramp on the website. Of course, "Annual" is defined as, "Of, relating to, or involving a period of one year." Annual, BLACK'S LAW DICTIONARY (11th ed. 2019). But the annual pass is not specifically related to the Lake Sheridan South boat ramp and there are many other recreation areas listed on the website to which the pass grants annual access. The proper question is not whether the pass was valid for a year, which it clearly is, but whether the pass was necessary to access the boat ramp on September 19, 2019. Based on the sworn statements of two Black Hills National Forest employees, the Lake Sheridan South boat ramp was open to the public at the time of Mr. Stover's accident. Schumacher Decl., Doc. 13 at ¶ 6; Block Decl., Doc. 14 at ¶ 8. If another individual could have used the same boat ramp on the same day that Mr. Stover was injured without purchasing the annual day use pass, then I do not see how the pass could constitute a charge to use the boat ramp on September 19, 2019. Fundamentally, one cannot pay a fee to access something that is free and open to the public. The Court concludes that it has no subject matter jurisdiction over this claim because South Dakota law would not create liability for a similarly situated individual.

## IV. Conclusion

Now, therefore,

IT IS ORDERED that the defendant's motion to dismiss for lack of subject matter jurisdiction (Doc. 11, 24) is granted.

DATED this 31st day of March, 2023.

BY THE COURT:

*[signature]*

CHARLES B. KORNMANN
United States District Judge

---

² *Annual Recreation Pass for Black Hills National Forest Facilities*, UNITED STATES FOREST SERVICE, https://www.fs.usda.gov/detail/blackhills/passes-permits/recreation/?cid=stelprdb5063140 (last visited March 8, 2023).